UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

------------------------------------------------------------------------X

Thurman Brown, Plaintiff,

**On behalf of himself and all similarly situated persons,**

Vs.

Sarah Jane Spikes , Murrell K. Spikes, Rickey McCluney

Destany McCluney , Mark D. Lackey (Attorney)

Thomas Martin (Attorney), Registrar of Deeds for Cleveland County

Unknown Magistrate Judges, Sheriff Deputy that effectuated arrest

Cleveland County Sheriff's Department,

County Attorney Martha R. Thompson, Other Defendants to

Be Determined, Cleveland County Estates Office,

                                                                              Defendants.

------------------------------------------------------------------------X

## CLASS ACTION COMPLAINT

### I. Introduction

Plaintiff Thurman Brown, acting pro se and on behalf of similarly situated individuals, brings this class action lawsuit against Defendants for engaging in a systematic scheme of fraudulent property transfers, constitutional violations, obstruction of justice, racketeering activities, and discriminatory practices that effectively deny economically disadvantaged individuals access to justice in Cleveland County, North Carolina. Plaintiff seeks relief under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO)**, and other relevant state and federal statutes.

### II. Jurisdiction and Venue:

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 18 U.S.C. §§ 1961-1968** (RICO jurisdiction).

Supplemental jurisdiction for state law claims is provided under 28 U.S.C. § 1367. Venue is proper in this district because the acts, omissions, and transactions giving rise to this action occurred here.

## III. Parties

Plaintiff:

Thurman Brown, a rightful heir to Henrietta Flack Withrow's estate, resides at 1809 Weaver Road, Kingstown, North Carolina 28150.

Defendants: Listed above. Addresses will follow Service order

## IV. Statement of Fact

A. Fraudulent Property Transfers and Title Manipulation Scheme

1. On August 13, 2024, Sarah Jane Spikes, acting as the former executor of the estate of Henrietta Flack Withrow, relinquished her inheritance rights in what appears to be a calculated move designed to obscure prior fraudulent property transfers. This action was part of a broader effort to shield herself and co-conspirators, including Murrell K. Spikes and Rickey McCluney, from legal accountability and to maintain unlawful control over estate assets. The attorney responsible for drafting this document for Sarah Jane Spikes did so with the intent of aiding and providing potential immunity to family members who are implicated in earlier property sales involving their grandmother's estate in 1983. This attorney not only advised Sarah Jane Spikes on the legality of these actions but also crafted the language with fraudulent intent, serving as his own notary to evade outside scrutiny. Furthermore, no proper title search was conducted or requested by Attorney Martin, further evidencing deliberate concealment and procedural improprieties.

2. Defendants engaged in fraudulent property transfers and "title washing" schemes, manipulating public records and substituting fraudulent deeds for valid ones. These actions served to obscure the rightful ownership of the estate, thereby defrauding legitimate heirs.

   - Exhibit A: Documentation evidencing the substitution of the original 1983 deed with fraudulent documents designed to sever legitimate ownership claims.

**B. Systemic Denial of Access to Justice for Economically Disadvantaged Litigants**

1. Discriminatory Practices in Cleveland County:

   - Failure to Inform of In Forma Pauperis" Rights: Economically disadvantaged litigants are systematically denied critical information about their right to file for fee waivers (in forma pauperis status), thereby creating insurmountable financial barriers to accessing the courts. By deliberately

withholding this information, the Defendants effectively bar indigent individuals from pursuing legal recourse.

- Excessive Fees and Hyper-Technical Requirements: The Clerk's Office in Cleveland County imposes excessive filing fees and enforces hyper-technical address requirements for service of process. These practices lead to the invalidation of summonses and other critical filings, thereby compounding the financial strain and impeding access to justice for indigent litigants.

- Example: Plaintiff was required to repeatedly pay for service of process due to minor address discrepancies on summonses for Murrell K. Spikes and Destany McCluney, despite valid service efforts by federal mail. This practice constitutes a deliberate strategy to obstruct access to legal remedies.

**2. Judicial and Law Enforcement Intimidation:**

- Judicial officials, in collaboration with county representatives, have engaged in a deliberate and sustained pattern of intimidation aimed at suppressing pro se litigants, including Plaintiff Thurman Brown, to obstruct justice and protect entrenched fraudulent property dealings. This pattern encompasses several documented instances of retaliation and bias:

- Arbitrary Arrest and Intimidation: Plaintiff Thurman Brown was subjected to an arrest on pretextual charges, orchestrated to deter his legal challenges and suppress exposure of fraudulent property transfers involving the estate of Henrietta Flack Withrow. This arrest was carried out by a Deputy Sheriff at the behest of judicial officials, underscoring the coordinated effort to suppress Plaintiff's legitimate claims and instill fear.

- Exhibit B: Documentation of Plaintiff's arrest and court proceedings that reveal systemic judicial bias, including the improper use of contempt charges, procedural manipulation, and targeted suppression of Plaintiff's rights as a pro se litigant.

- Obstruction of Pro Se Representation Rights: Plaintiff was repeatedly denied fair representation and was subject to judicial hostility aimed at marginalizing his claims related to fraudulent property transfers and breaches of fiduciary duty. This discrimination reflects a pattern where judicial officials and county representatives actively collaborate to ensure that economically disadvantaged litigants, especially those representing themselves, face insurmountable procedural hurdles.

- Coercion through Legal Suppression: During Plaintiff's attempts to expose fraudulent property dealings, the judiciary not only dismissed valid claims but also took measures to discredit and intimidate him, using the threat of arrest and the imposition of burdensome procedural barriers to discourage further action.

- Example of Retaliation: On multiple occasions, Plaintiff's filings and complaints regarding fraudulent property transactions were dismissed or invalidated under dubious procedural grounds, such as hyper-technical address requirements and excessive filing fees, effectively blocking access to justice. When Plaintiff continued to pursue his rightful claims, judicial officials leveraged their

authority to facilitate his arrest and suppress evidence, further entrenching a culture of bias and suppression within the county's judicial framework.

- Coordinated Collusion and Suppression: This systemic pattern extends beyond courtrooms, with collaboration between judicial officials, county clerks, and law enforcement officers. Instances include undue delays, refusal to accept critical evidence, denial of fee waivers, and orchestrated intimidation tactics—all designed to obstruct access to justice and preserve fraudulent deeds and property control.

The Plaintiff's treatment illustrates a deliberate strategy to discourage pro se litigants and shield illicit activities from public and legal scrutiny. The combination of intimidation, legal manipulation, and procedural obstruction amounts to a gross abuse of judicial power, warranting comprehensive federal intervention and reform.

**C. Breach of Fiduciary Duty**

1. Sarah Jane Spikes' Breach of Fiduciary Duty through Self-Dealing and Fraudulent Transfers:

As executor of the estate of Henrietta Flack Withrow, Sarah Jane Spikes held a fiduciary duty to manage the estate with honesty, loyalty, and transparency, ensuring the interests of all rightful heirs were protected. Instead, she engaged in acts of self-dealing that prioritized her interests and those of her co-conspirators over the legitimate rights of other heirs. Specific examples of her fraudulent conduct include:

- Manipulated Property Transfers: Sarah Jane Spikes orchestrated the transfer of estate assets to co-conspirators, including Murrell K. Spikes and Rickey McCluney, without notifying or obtaining consent from all rightful heirs. These transfers were executed through questionable deeds, which, upon investigation, were shown to lack legitimate title searches, raise red flags, and deviate from standard estate management practices.

    - Example: In one such instance, Sarah Jane Spikes transferred a parcel of estate property under the guise of a family arrangement. However, this transfer was executed via a fraudulent deed, which omitted crucial details regarding chain of title and failed to reflect the original terms of Henrietta Flack Withrow's will, indicating a direct breach of her fiduciary obligations.

    - Relinquishment of Inheritance as a Cover-Up: On August 13, 2024, Sarah Jane Spikes relinquished her inheritance rights. This act was a calculated effort to obscure her previous actions, protecting herself from liability while enabling her co-conspirators to maintain control over estate assets. By doing so, she effectively shielded herself from scrutiny, undermining the estate's integrity and violating her duty to manage and distribute assets fairly and according to the decedent's wishes.

2. Misappropriation of Estate Revenues by Defendants, including Murrell K. Spikes and Rickey McCluney:

The fraudulent actions did not stop with the transfer of estate property; they extended to the misappropriation and misuse of estate revenues, directly impacting the rightful heirs. Murrell K. Spikes and Rickey McCluney, with the aid of Sarah Jane Spikes, enriched themselves at the expense of other beneficiaries, demonstrating a coordinated pattern of self-serving behavior:

- Illicit Collection of Rental Income: Properties under the estate were treated as rental properties without any formal accounting or oversight. Murrell K. Spikes and Rickey McCluney collected rental income from these properties but did not distribute any proceeds to the rightful heirs. The revenue generated was used for personal gain, including paying for personal expenses, further depriving the estate of its rightful funds.

- Example: Records indicate that Murrell and Rickey collected rent from tenants residing in properties tied to the estate, including those located at 1809 and 1811 Weaver Road. Despite these properties being under the purview of the estate, neither defendant reported the income nor distributed any portion to the rightful heirs, violating their fiduciary obligations and misappropriating estate resources.

- Sale of Estate Assets without Heir Approval: Defendants sold estate properties under suspicious terms, redirecting the proceeds into personal accounts rather than the estate. These sales were completed without the knowledge or approval of all heirs and involved forged or manipulated documentation to provide an air of legitimacy.

- Example: A documented transaction in 2006 highlights how the proceeds of a fraudulent property sale involving Rickey McCluney were redirected and concealed from the rightful heirs, furthering the financial deprivation suffered by those legitimately entitled to inheritance shares.

Together, these actions reflect a deliberate pattern of fraudulent behavior, self-dealing, and financial exploitation at the hands of Sarah Jane Spikes and her co-conspirators. Their coordinated misappropriation of assets not only breached fiduciary duties but inflicted significant financial and emotional harm on rightful heirs, necessitating immediate legal intervention and redress.

**D. Threats and Intimidation Against Plaintiff**

1. Threats and Intimidation Against Plaintiff Thurman Brown

- Murrell K. Spikes' Intimidation Tactics: Defendant Murrell K. Spikes engaged in a systematic and deliberate campaign of intimidation aimed at coercing Plaintiff Thurman Brown into abandoning legitimate legal claims concerning estate properties. This campaign was intended to silence Plaintiff and prevent any challenges to fraudulent actions involving estate administration. Specific examples of intimidation include:

- Direct Verbal Threats: On numerous occasions, Murrell K. Spikes threatened Plaintiff with serious physical harm if he continued pursuing legal claims. These threats were made in both direct confrontations and indirect communications, creating a climate of fear and intimidation.

- Example: During a confrontation at an estate property, Murrell K. Spikes explicitly threatened physical violence against Plaintiff, demanding that Plaintiff abandon his claims to the estate. This incident was witnessed by others present on the property and escalated into a hostile and confrontational exchange.

- Criminal Complaint Documentation: Plaintiff filed a criminal complaint with local law enforcement documenting Murrell K. Spikes' repeated threats and acts of intimidation. Despite the serious nature of these allegations, law enforcement did not provide adequate protection or take substantive action, thereby emboldening the Defendant.

- Exhibit C: The criminal complaint details Plaintiff's efforts to seek protection, the nature of the threats, and the lack of adequate response from law enforcement. This failure of authorities to act has exposed Plaintiff to continued threats and heightened risks to his safety.

2. Complicity of the Cleveland County Clerk's Office and Registrar of Deeds

- Registrar of Deeds' Role in Facilitating Fraudulent Transfers: The Cleveland County Registrar of Deeds played a critical role in enabling fraudulent property transfers by failing to properly investigate and verify the authenticity of documents submitted for recording. This neglect of duty allowed for manipulation of property titles and obfuscation of rightful ownership. Key failures include:

- Acceptance of Irregular and Fraudulent Deeds: The Registrar accepted and recorded deeds that displayed clear irregularities, including inconsistent title histories and missing or forged signatures. No adequate efforts were made to investigate or correct these issues.

- Example: The original 1983 deed detailing estate properties was improperly replaced with fraudulent deeds without any documented challenge by the Registrar's Office. This permitted Defendants such as Murrell K. Spikes and Rickey McCluney to falsely assert ownership and control over estate assets.

- Failure to Conduct Due Diligence: The Registrar's Office routinely failed to conduct or require proper title searches prior to recording changes in property ownership. This lack of oversight created an environment conducive to fraud and exploitation, enabling continuous harm to rightful heirs of the estate.

- Systemic Barriers by the Cleveland County Clerk's Office: The Cleveland County Clerk's Office employed procedural barriers and discriminatory practices that disproportionately disenfranchised economically disadvantaged litigants, impeding access to justice for rightful heirs and aiding those engaged in fraudulent activities.

- Improper Service of Summonses and Excessive Fees: The Clerk's Office imposed excessive fees and enforced hyper-technical address requirements that rendered service of summonses invalid, causing undue financial burdens and delays for Plaintiff.

- Example: Plaintiff Thurman Brown experienced repeated procedural obstacles when attempting to serve summonses on Murrell K. Spikes and Destany McCluney at valid addresses. Despite correct service attempts, the Clerk's Office invalidated summonses on technical grounds, resulting in unnecessary expenses and delays.

- Bureaucratic Delays and Procedural Obstacles: The Clerk's Office engaged in actions that disproportionately affected indigent litigants seeking redress. Routine filings by Plaintiff were subjected to excessive scrutiny, resulting in prolonged delays and denials that appeared to systematically exhaust resources and deter further legal actions.

3. Claim of Systemic Obstruction and Misconduct in Handling Estate Records

- Missing or Misrepresented Estate Records: Plaintiff asserts that relevant authorities, including the Registrar of Deeds and Cleveland County Attorney, have either failed to produce or falsely represented the non-existence of an estate file related to the Estate of Henrietta Flack Withrow. This absence of documentation, despite repeated requests, raises significant concerns regarding potential misconduct, deliberate concealment, or negligence by those responsible for record-keeping.

- Relief Sought: Plaintiff requests that this Court order the production of the complete estate file, ensuring transparency and accountability in the administration of the estate.

- Consultation and Correspondence with Legal Counsel: Plaintiff engaged in consultations with legal counsel and made repeated inquiries to the estate office to clarify the status of estate administration. Responses indicating that no estate file existed contradicted prior knowledge and served as evidence of systemic misinformation and obstruction.

- Relief Sought: Plaintiff seeks to present documented communications and consultations with legal counsel as exhibits to demonstrate the persistent obstruction and denial of access to justice encountered.

- Systemic Misconduct and Procedural Obstruction: The combined conduct of estate officials, legal representatives, and administrative authorities reflects a pattern of systemic misconduct designed to hinder Plaintiff's lawful efforts to assert inheritance rights. This pattern of obstruction, coupled with missing records and misinformation, underscores Plaintiff's claims of systemic suppression and procedural injustice.

- Relief Sought: Plaintiff requests a comprehensive audit of estate administration practices, holding accountable any parties involved in deliberate acts of concealment, misinformation, or obstruction.

**Exhibits:**

- Exhibit A: Documentation and public records evidencing fraudulent property transfers.

- Exhibit B: Communications and inquiries regarding estate status and responses from administrative authorities.

- Exhibit C: Criminal complaint detailing threats and intimidation against Plaintiff.

**Lack of Transparency and Accountability in Court Proceedings**

Detailed Allegations and Observations

1. Explicit Coordination Observed

   - Event Context: On November 7, 2024, during the appeal hearing in the case of Thurman Brown v. Murrell K. Spikes (24 CVD 1734) before Judge James T. Hodges, Plaintiff Thurman Brown observed deliberate coordination between Martha R. Thompson, acting as County Attorney, and Murrell K. Spikes' attorney.

   - Instance of Coordination: Plaintiff objected to the representation provided by Murrell's sister on grounds of non-qualification. In response, **Martha R. Thompson** intervened by conferring with the defense attorney, providing fraudulent deeds intended to bolster the defense's arguments. The introduction of these fraudulent documents, despite their known illegitimacy, demonstrates a concerted effort to mislead the court and suppress Plaintiff's valid claims.

   - Pre- and Post-Courtroom Conduct: Martha R. Thompson was seen interacting with defense counsel both before and during the hearing, exchanging documents and discussing legal strategies, which had a direct impact on the appeal's proceedings. This behavior suggests an intentional effort to undermine the fairness of the judicial process and disadvantage the Plaintiff.

2. Emphasis on Documentary Evidence

   - Chain of Title Discrepancies: Plaintiff presented the original 1983 deed to establish lawful ownership and a clear, unbroken chain of title. In contrast, the defense introduced fraudulent deeds from 2005 and 2006, which lacked legitimate seller origins, proper title searches, and other necessary documentation.

   - Legal Implications: The defense's reliance on these fraudulent deeds, without verification of their legitimacy, constitutes a breach of statutory requirements and raises significant concerns about fraudulent misrepresentation, potential criminal forgery, and efforts to undermine lawful property rights.

   - Document Tampering and Forged Notarizations: Plaintiff has identified multiple issues with the notarizations on the contested deeds, indicating potential tampering and procedural failures that call the validity of these documents into question and further undermine their legal standing.

3. Illustration of Personal and Procedural Harm

   - Denial of Legal Rights and Retaliatory Arrest: On October 21, 2024, Plaintiff's eviction case was summarily dismissed, and he was subsequently arrested for representing himself pro se. This retaliatory action was clearly intended to suppress his efforts to reclaim rightful estate property, illustrating a clear case of judicial misconduct and bias against pro se litigants.

- Financial and Emotional Toll: Defending against these fraudulent claims has imposed substantial financial costs on the Plaintiff and subjected him to threats, harassment, and ongoing legal conflicts, causing severe emotional and personal distress.

- Judicial Irregularities: The consistent dismissal or disregard of Plaintiff's objections and evidence, coupled with the improper admission of fraudulent evidence, indicates a pervasive pattern of procedural bias and suppression within the judicial process.

4. Expansion on Requested Actions

- Immediate Investigation: Plaintiff requests a thorough investigation into the actions of Martha R. Thompson, Murrell K. Spikes' attorney, and other implicated parties involved in perpetuating fraudulent deeds and engaging in judicial misconduct.

- Temporary Restraining Order: Plaintiff seeks a court-issued restraining order to halt any further transactions or handling of the disputed estate properties pending a comprehensive investigation.

- Appointment of a Special Prosecutor: Plaintiff requests the appointment of a special prosecutor or independent authority to investigate these allegations, due to potential conflicts of interest within county institutions and their representatives.

5. Reference to Relevant Legal Provisions

- Fraudulent Conveyances (N.C. Gen. Stat. § 39-23.4): This statute prohibits the fraudulent transfer of assets and unauthorized conveyances of property, which directly applies to the actions of the defendants.

- Statutory Requirements for Title Validity (N.C. Gen. Stat. §§ 47-12, 47-14): The failure to conduct proper title searches or adhere to documentation requirements raises critical questions about the validity of the contested deeds.

- Breach of Fiduciary Duty and Professional Conduct: The attorneys involved may have violated the North Carolina Rules of Professional Conduct by facilitating or failing to prevent fraudulent activities, thereby compounding the harm to Plaintiff and other lawful heirs.

6. Highlighting Pattern of Judicial Misconduct

- Procedural Irregularities: Plaintiff's evidentiary submissions were consistently dismissed or ignored by court officials, while defective and fraudulent evidence introduced by the defense was admitted without appropriate scrutiny. This demonstrates a systematic pattern of judicial bias favoring the defendants.

- Collusion Evidence: The documented interactions between Martha R. Thompson, defense counsel, and other parties, coupled with suspicious behaviors before, during, and after court proceedings, indicate a coordinated effort to obstruct justice and suppress Plaintiff's claims.

1. Hearing Context and Background

- The appeal hearing concerned Plaintiff Thurman Brown's efforts to contest fraudulent property transfers tied to the estate of Henrietta Flack Withrow. The central issue was to establish rightful

claims over the disputed estate properties and challenge the alleged illegitimate control held by various defendants.

- The primary defendant in attendance was Murrell K. Spikes, whose involvement in the fraudulent property transfers was a key point of contention.

2. Introduction of the Unretained Attorney

- During the hearing, an attorney initially present for a separate matter related to Rickey McCluney suddenly began representing Murrell K. Spikes. This unexpected transition occurred without any formal retainer agreement between Murrell Spikes and the attorney.

- Judge Hodges did not question or verify the legitimacy of this representation. He failed to inquire whether Murrell Spikes had formally retained this attorney or if the attorney had any documented authorization to act on Murrell Spikes' behalf during this proceeding.

3. Timeline of Events and Procedural Irregularities

- The attorney, who had previously appeared to represent Rickey McCluney, unexpectedly assumed the role of legal counsel for Murrell Spikes. This transition occurred without any verification of legal standing, documentation, or court approval, creating significant procedural questions.

- No Retainer Agreement: At no point during or after the hearing did the attorney present a retainer agreement or formal documentation establishing his representation of Murrell Spikes.

4. Role of the County Attorney's Office

- County Attorney Martha R. Thompson was present at the hearing and is alleged to have facilitated or influenced the unexpected representation switch. Communication between Martha R. Thompson, the unretained attorney, and the defendants indicated possible collusion aimed at undermining Plaintiff Thurman Brown's claims.

- This coordination raises concerns about improper influence, potential bias, and a lack of impartiality within the judicial process.

5. Impact on Hearing Proceedings

- Hijacking of Proceedings: The attorney's sudden and unauthorized involvement in representing Murrell K. Spikes redirected the course of the hearing, effectively compromising procedural integrity. This interference influenced the hearing's direction and outcome, preventing a fair assessment of Plaintiff's claims.

- Prejudicial Effect on Plaintiff: Acting pro se, Plaintiff Thurman Brown was placed at a significant disadvantage. The lack of due diligence by the court in ensuring proper legal representation exacerbated this disparity, creating a perception of judicial bias and procedural manipulation that favored the defendants.

Potential Collusion Between Legal Representatives and County Officials

1. Improper Representation and Procedural Violations

- By allowing the attorney to represent Murrell K. Spikes without proper documentation or a retainer agreement, the court potentially violated established procedures governing legal representation and attorney-client relationships.

- Failure of Judicial Oversight: The absence of any inquiry or verification by Judge Hodges into the legitimacy of the representation raises concerns about judicial impartiality and oversight. The apparent deference shown to the attorney and the County Attorney's Office further supports allegations of systemic collusion.

2. Collusion Allegations

- Visible interactions and coordination between the unretained attorney, the County Attorney's Office, and the defendants suggest an orchestrated effort to manipulate the outcome of the hearing. This collusion potentially aimed to shield Murrell K. Spikes from scrutiny and thwart Plaintiff's efforts to challenge fraudulent property transfers.

3. Consequences for Plaintiff's Rights

- Denial of Due Process: Plaintiff Thurman Brown's right to a fair and impartial hearing was compromised by the involvement of an unretained attorney and the influence of the County Attorney's Office. These actions illustrate a broader issue of systemic bias and procedural irregularities within the judicial process, particularly against pro se litigants.

- Systemic Bias Against Economically Disadvantaged Litigants: The incident serves as a poignant example of how economically disadvantaged individuals and pro se litigants are systematically obstructed from seeking justice, with judicial procedures manipulated to favor well-connected defendants.

**Class Action Relevance and Implications**

1. Evidence of Systemic Collusion and Procedural Manipulation

- The incident supports broader class action claims regarding systemic collusion, judicial bias, and procedural manipulation within Cleveland County's judicial system. It highlights how court proceedings are selectively applied to suppress challenges to fraudulent property transfers and favor certain parties.

- Reinforcement of RICO Claims: The attorney's unauthorized representation and the involvement of the County Attorney's Office may indicate a coordinated effort to obstruct justice and maintain control over estate assets through fraudulent means. This supports allegations of racketeering activity under 18 U.S.C. §§ 1961-1968 (RICO).

2. Violation of Plaintiff's Constitutional Rights

- Allowing an unretained attorney to influence court proceedings further exemplifies how judicial practices are manipulated to disadvantage pro se litigants, violating their constitutional rights to due process and equal protection under 42 U.S.C. § 1983.

- Impact on Class Action Certification: This incident bolsters claims within the class action, illustrating systemic issues that disproportionately affect economically disadvantaged litigants and those challenging fraudulent activities within the legal system.

**V. Class Allegations**

1. Class Definition:

Plaintiff Thurman Brown seeks to represent all individuals similarly situated who have experienced systematic denial of access to justice, fraudulent property transfers, deprivation of rightful inheritance, and suppression of legitimate claims through coordinated acts by Defendants, including legal professionals, county officials, and others engaged in fraudulent activities. This class includes both past and current occupants or heirs of the properties in question, specifically 1809 Weaver Rd and 1811 Weaver Rd in Kingstown, North Carolina.

2. Numerosity:

The potential class is numerous, comprising individuals who have been subjected to fraudulent property transfers, obstructed legal claims, and acts of intimidation or suppression. Given the number of residents, heirs, and interested parties listed in public records and estate files for 1809 and 1811 Weaver Rd, the joinder of all members is impracticable.

3. Commonality:

There are common questions of law and fact applicable to the class, including:

- Whether Defendants engaged in a pattern of fraudulent property transfers or facilitated such transfers.

- Whether Defendants, acting under color of law or in positions of authority, denied Plaintiff and similarly situated individuals their constitutional rights, including due process and equal protection under the law.

- Whether Defendants' acts of judicial and procedural suppression aimed to obstruct access to legitimate legal claims and facilitate fraudulent retention of estate properties.

- Whether systemic procedural barriers were employed to disenfranchise economically disadvantaged litigants.

4. Typicality:

The claims asserted by Plaintiff Thurman Brown are typical of the class, arising from a common course of conduct by Defendants that resulted in harm to all class members. This conduct includes,

but is not limited to, the denial of rightful inheritance claims, fraudulent title transfers, and procedural suppression by judicial and administrative offices within Cleveland County.

5. Adequacy:

Plaintiff Thurman Brown is committed to fairly and adequately representing the interests of the class. Plaintiff seeks the appointment of legal counsel to ensure comprehensive legal representation of all class members and protection of their rights under the law.

Expanded Detail on Potential Class Plaintiffs – Residents and Heirs for 1809 and 1811 Weaver Rd

Based on property records, the following current and former residents may qualify as potential class members who have been impacted by fraudulent actions and procedural suppression described in this claim:

1809 Weaver Rd (Kingstown, NC 28150):

- Sheri Delores Young: Occupied 1809 Weaver Rd Trailer 4, with records showing residency from May 2003 to April 2024.

- Alicia Nicole Young: Historical records show residency from January 2003 to September 2012.

- Sarah Kee Spikes: Resided at 1809 Weaver Rd, first seen in December 1992; involved in estate matters.

- Paul J Spikes: Listed from April 1997 to March 2012.

- Sheri Spikes: Historical records show residency from November 2004 to November 2006.

- Pauline N Spikes: Occupied the residence, with records from March 1972 to October 2004.

- Russell Nicole: Listed from **February 1993 to August 2011.

- Josh Brown: Resided from May 2006 to October 2021.

1811 Weaver Rd (Kingstown, NC 28150):

- Ricky T McCluney and Madeline J McCluney: Recorded owners since August 2005.

- Destany Shaniece McCluney: Occupied the property, last seen in December 2022.

- Pauline Spikes: Listed as an occupant since June 2006.

- Warren Ussery: Historical records show residency in 2016 and 2020.

- Tyjuanna Lashea Hopper: Resided from June 2018 to October 2020.

- Sherwin Brown: Historical occupancy from August 2006 to January 2014.

Potential Claims for Relief of the Class Members

Relief Requested:

1. Immediate Removal of Fraudulent Executors and Appointments: Appoint neutral administrators to handle estate assets and property distribution.

2. Class Certification: Certification of this class under the Federal Rules of Civil Procedure and appointment of legal counsel.

3. Restitution for Deprived Class Members: Restoration and restitution of estate properties and rights unlawfully deprived by fraudulent and discriminatory practices.

4. Compensatory and Punitive Damages: Compensation for financial losses, emotional distress, and punitive damages against Defendants for willful misconduct and fraud.

5. Judicial and Administrative Oversight: Mandate judicial and administrative oversight reforms in Cleveland County to prevent recurrence of discriminatory and suppressive practices that deny access to justice for indigent litigants.

6. Systemic Review and Procedural Safeguards: Immediate enactment of procedures to ensure mandatory title verification before property transfers and independent oversight on property records and administration.

## VI. Claims for Relief

### Count I: Violation of 42 U.S.C. § 1983 (Due Process and Equal Protection)

Defendants, acting under the color of law, systematically denied Plaintiff and other similarly situated individuals their constitutional rights through discriminatory practices and procedural obstruction, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

- Due Process Violations: Defendants' actions, including but not limited to the dismissal of valid claims, wrongful arrest of Plaintiff while pursuing his legal rights pro se, and deliberate misinformation or withholding of estate records, deprived Plaintiff of a fair opportunity to assert his claims. These acts demonstrate a pattern of procedural deprivation designed to frustrate legal recourse and undermine Plaintiff's ability to be heard.

- Equal Protection Violations: Plaintiff and other economically disadvantaged individuals faced systemic barriers that disproportionately denied them access to justice compared to other litigants. The excessive fees imposed, technical requirements declared to invalidate filings, and outright discriminatory denial of court access illustrate disparate treatment and suppression of fundamental rights. This unequal treatment suggests an institutionalized practice that violated Plaintiff's equal protection rights.

### Count II: Racketeering Activity (RICO)

Defendants collectively engaged in a pattern of racketeering activity, targeting Plaintiff and rightful heirs, in violation of 18 U.S.C. §§ 1961-1968** (RICO Act).

- Fraudulent Property Transfers: Defendants, including attorneys and estate officials, engaged in the systematic transfer and recording of fraudulent deeds. This scheme included altering property records without verification, manipulating chains of title, and recording deeds to facilitate the unlawful control of estate assets. This pattern of fraudulent conduct constituted acts of mail fraud, wire fraud, and document manipulation as predicate offenses under RICO.

- Judicial Suppression and Intimidation: Plaintiff was subjected to judicial suppression and threats aimed at discouraging legal action against the fraudulent transfers. The coordinated submission of fraudulent deeds during judicial proceedings and the active role of officials in obstructing justice reflect a conspiracy to perpetuate these unlawful activities.

- Coordinated Pattern of Misconduct: Defendants' actions were not isolated incidents but rather part of an organized, ongoing effort to deprive Plaintiff of his rights and shield the fraudulent appropriation of estate assets. This conspiracy violated Plaintiff's rights and demonstrated a consistent racketeering pattern to benefit unlawfully from estate assets.

Count III: Breach of Fiduciary Duty

Defendant: Sarah Jane Spikes, as the former executor of the estate of Henrietta Flack Withrow, breached her fiduciary duty to the Plaintiff and other rightful heirs by engaging in acts that violated the duty of loyalty, good faith, and impartiality inherent in her role as executor.

- Self-Dealing and Fraudulent Transactions: Defendant Spikes engaged in the unauthorized transfer of estate properties and relinquished her own inheritance to insulate herself and other co-conspirators. This deliberate breach compromised the estate's integrity, defrauding rightful heirs and undermining estate management.

- Misappropriation of Estate Assets: By misusing estate assets and facilitating fraudulent transfers, Defendant Spikes breached her duty to preserve and protect the estate. The self-serving actions exhibited willful disregard for her legal obligations as executor, resulting in financial harm to the Plaintiff and other heirs.

**Count III: Professional Negligence**

Defendants: Mark D. Lackey (Attorney) and Thomas Martin (Attorney) negligently facilitated fraudulent property transactions by failing to uphold their professional responsibilities, enabling fraud and perpetuating harm to the Plaintiff.

- Failure to Conduct Due Diligence: As legal professionals, Defendants were required to ensure that title searches, verifications, and chain-of-title reviews were completed with due care and diligence. Their failure to perform these basic functions allowed the fraudulent transfers to proceed unchecked, contributing directly to the Plaintiff's harm.

- Complicity in Fraudulent Transactions: The negligence of Defendants in drafting, recording, and failing to scrutinize the fraudulent deeds amounts to professional misconduct and a breach of the standard of care owed to clients and third parties affected by property transfers.

**Count IV: Conspiracy to Defraud**

Defendants conspired to defraud Plaintiff and other rightful heirs through coordinated acts, including fraudulent property transfers, misinformation, and judicial suppression.

- Coordinated Efforts: The conspiracy involved state actors, attorneys, and others working in concert to execute and protect fraudulent deeds, thereby blocking Plaintiff's rightful claims to the estate. Through collusion, Defendants maintained unlawful control over estate properties, denied Plaintiff access to justice, and engaged in acts of intimidation to discourage legal challenges.

- Judicial and Administrative Obstruction: Defendants' manipulation of judicial proceedings, including the deliberate suppression of evidence, misrepresentation of facts, and discriminatory practices by judicial and administrative officials, served to obstruct Plaintiff's legal efforts and perpetuate fraud.

**V. Requested Relief**

1. Immediate Removal of Executor: Requesting the immediate removal of the current executor and the appointment of a neutral administrator to ensure the equitable and transparent management of the estate. This will prevent further fraudulent activity and ensure the estate is managed in the best interests of all rightful heirs.

2. Class Certification: Seeking class certification under the Federal Rules of Civil Procedure to represent similarly situated heirs and litigants affected by the systemic issues outlined. Appointment of counsel is requested to ensure adequate representation and to protect the rights of all members of the class.

3. Compensatory and Punitive Damages: Requesting compensation for the financial losses incurred due to fraudulent actions, as well as punitive damages to hold Defendants accountable for their willful and malicious misconduct.

4. Restoration and Restitution: Demanding the restoration of estate properties and restitution for rightful heirs, including invalidation of any fraudulent deeds or transfers that were improperly recorded or facilitated by Defendants.

5. Injunctive Relief: Seeking injunctive relief to prevent any further fraudulent property transfers, judicial suppression, or obstruction of legitimate claims related to the estate.

6. Judicial Reform and Oversight: Requesting judicial oversight and reform of the Cleveland County Clerk's Office and Registrar of Deeds. This includes implementing safeguards to ensure fairness, transparency, and compliance with legal standards. Specific measures should include:

- Mandatory Property Searches: Requiring thorough title searches and verification before recording property transactions.

- Review of Deeds for Patterns of Fraud: Conducting an audit and review of recorded deeds to identify and correct patterns consistent with fraudulent activities as described in this complaint.

- Prohibition on Attorney Notarization: Eliminating practices that allow attorneys to serve as their own notaries in facilitating property transactions, which may present conflicts of interest or enable fraudulent behavior.

7. Attorney's Fees and Costs: Awarding reasonable attorney's fees, litigation costs, and any other expenses incurred in pursuing this action, to alleviate the financial burden on Plaintiff and other affected class members.

8. Additional Relief as Deemed Necessary: Requesting any other relief the Court may find just and appropriate, including measures to protect and preserve the legal rights of the class and individual Plaintiffs affected by systemic misconduct and fraud.

I, Thurman Jerome Brown], residing at 1809 Weaver Road, Kingstown, NC 28150, being of lawful age, do hereby affirm and attest as follows:

1. Statement of Facts: I declare that all the facts stated in this document concerning the class action case titled Thurman Brown VS. Registrar of Deeds, et al., are true and correct to the best of my knowledge, information, and belief.

2. Acknowledgement: I understand and acknowledge that any false statement or misrepresentation in this attestation may subject me to penalties for perjury as provided by law, including under 18 U.S.C. § 1621 and/or relevant statutes applicable in [State Jurisdiction, if relevant].

3. Scope of Attestation: I provide this attestation to support action and any related legal proceedings, affidavits, or declarations required for or incidental to this action.

Executed on: 11/12/2024

Signature: *[signature]*

Printed Name: Thurman Jerome Brown

Respectfully Submitted,

Thurman Jerome Brown, Pro Se

1809 Weaver Road

Kingstown, NC 28150

Phone: 347-782-4097

1. Exhibit A

   Title: Documentation of Original 1983 Deed

   Description: The original deed showing lawful inheritance and distribution terms for estate properties belonging to Henrietta Flack Withrow, highlighting rightful ownership and potential deviations caused by fraudulent transfers.

2. Exhibit B

   Title: Fraudulent Deeds and Property Transfers

   Description: Copies of fraudulent deeds used by Defendants to manipulate estate property ownership and transfer, reflecting discrepancies, unauthorized changes, and potential irregularities in the transfer process.

3. Exhibit C

   Title: Criminal Complaint Against Murrell K. Spikes

   Description: Documentation of a criminal complaint filed by Plaintiff Thurman Brown detailing threats, intimidation, and coercion by Defendant Murrell K. Spikes to suppress Plaintiff's legal efforts and rightful claims to the estate.

4. Exhibit D

   Title: Correspondence Regarding Missing or Misrepresented Estate Records

   Description: Communications between Plaintiff and estate officials regarding missing or unavailable estate records, illustrating potential procedural misconduct, misinformation, or deliberate concealment.

5. Exhibit E

   Title: Title Verification and History Reports for Estate Properties

   Description: Detailed reports and historical title records for properties at 1809 and 1811 Weaver Road, demonstrating discrepancies and potential fraudulent transfers by Defendants.

6. Exhibit F

   Title: Records of Judicial Suppression and Procedural Manipulation

   Description: Court records and documentation showing Plaintiff's efforts to access justice, judicial suppression of claims, and procedural manipulation aimed at undermining Plaintiff's claims.

7. Exhibit G

   Title: Communications and Correspondence with Legal Counsel

Description: Records of Plaintiff's consultations with legal counsel and subsequent communications with estate administrators, demonstrating efforts to clarify estate matters and systematic obstacles encountered.

8. Exhibit H

Title: Witness Affidavits Regarding Intimidation and Coercion

Description: Sworn statements from witnesses attesting to threats and intimidation by Defendants, supporting Plaintiff's claims of deliberate suppression and coercion to abandon legal claims.

9. Exhibit I

Title: Financial Records Showing Misappropriation of Estate Assets

Description: Evidence of rental income and other revenues collected by Defendants without lawful distribution to rightful heirs, reflecting breaches of fiduciary duty.

10. Exhibit J

Title Communications Demonstrating Procedural and Administrative Barriers

Description: Correspondence illustrating procedural obstacles, excessive fees, and discriminatory practices imposed by the Cleveland County Clerk's Office.

11. Exhibit K

Title: Registrar of Deeds Property Transaction Records

Description: Records of property transactions facilitated by the Registrar of Deeds, reflecting failures to investigate irregularities and potential complicity in fraudulent transfers.

12. Exhibit L

Title: Historical and Current Residents for 1809 and 1811 Weaver Rd

Description: Documentation of past and present occupants and potential class members affected by the fraudulent transfers and systematic suppression of rightful inheritance claims.


Service Delivery List


## Identified Defendants and Last Known Addresses

| Defendant | Role | Address |
| --- | --- | --- |
| Sarah Jane Kee Spikes | Former Executor | 2027 Weaver Rd, Kingstown, NC |