THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00283-MR-WCM

| | |
|---|---|
| THURMAN BROWN, Heir to the Estate of Rose Lee Kee Williams and Lead Plaintiff on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGISTRAR OF DEEDS FOR CLEVELAND COUNTY, et al.,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

**I.   BACKGROUND**

On October 9, 2024, the *pro se* Plaintiff Thurman Brown brought a putative class action on behalf of himself as an heir to the Estate of Henrietta Flack Withrow, along with other similarly situated heirs, tenants, and third-party purchasers, asserting claims of fraud, breach of fiduciary duty, professional negligence, and negligence. [Civil Case No. 1:24-cv-00249-MR-WCM, Doc. 1 at 1, 5-6]. In that action, the Plaintiff named as Defendants Sarah Jane Spikes, the administrator of Ms. Withrow's estate; Murrell K.

Spikes and Rickey McCluney, who allegedly participated in fraudulent property transfers of estate property arranged by Sarah Jane Spikes; Mark D. Lackey and Thomas W. Martin, attorneys who allegedly prepared and facilitated the fraudulent property transfers; and the "Registrar [sic] of Deeds for Cleveland County." [Id., Doc. 1 at 3]. The Plaintiff also sought to proceed without the prepayment of fees and costs. [Id., Doc. 2].

On October 23, 2024, the Court entered an Order granting the Plaintiff's application to proceed without the prepayment of fees and costs but dismissing the action because the Plaintiff had failed to assert any basis for the exercise of federal subject matter jurisdiction. [Id., Doc. 3]. A Clerk's Judgment was entered the same day. [Id., Doc. 4]. On October 29, 2024, the Plaintiff filed a motion attempting to amend his Complaint. [Id., Doc. 5]. The Court denied that motion and instructed the Plaintiff that he needed to file a new civil action. [Id., Doc. 6].

On November 15, 2024, the Plaintiff filed the present action. [Doc. 1]. In his Complaint, he again asserts a putative class action on behalf of himself and all others similarly situated.[1] He again names Sarah Jane Spikes,

---

[1] While in the body of the Complaint, the Plaintiff again refers to himself as an heir to the Estate of Henrietta Flack Withrow, in the caption of the Complaint, the Plaintiff refers to himself as an heir to the Estate of one Rose Lee Kee Williams. [Compare Doc. 1-1 at 2; Doc. 1 at 1].

Murrell K. Spikes, Rickey McCluney, Mark D. Lackey, Thomas W. Martin, and the "Registrar [sic] of Deeds for Cleveland County." [Id.]. He also names as Defendants: Destany McCluney; the Cleveland County Magistrate; Martha Thompson, the Cleveland County Attorney; "Unknown Magistrate Judges"; the "Sheriff Deputy that effectuated arrest"; the Cleveland County Sheriff's Department; the "Cleveland County Estates Office"; and "Other Defendants to Be Determined." [Id.; see also Doc. 1-1 at 20].

In his Complaint, the Plaintiff reiterates his allegations of fraudulent activities by Defendant Sarah Jane Spikes and others, involving fraudulent property transfers, "title washing" schemes, and the manipulation of public records. [Doc. 1-1 at 2]. With respect to the newly named Cleveland County defendants, the Plaintiff alleges a "systemic denial of access to justice for economically disadvantaged litigants," as well as a pattern of "judicial and law enforcement intimidation." [Id. at 2-3]. Specifically, the Plaintiff appears to challenge the fees he was required to pay for service of process; the manner in which hearings were conducted; and the dismissal of his multiple filings and complaints regarding the alleged fraudulent property transactions. [Id. at 2-3, 9-11]. He also alleges that he was arrested on "pretextual charges" for contempt in a "coordinated effort to suppress Plaintiff's legitimate claims and instill fear." [Id. at 3].

The Plaintiff asserts claims for the violation of his due process and equal protection rights under 42 U.S.C. § 1983 and for violation of the criminal RICO statute, 18 U.S.C §§ 1961-1968. He also purports to assert claims for professional negligence and for "conspiracy to defraud." [Doc. 1-1 at 15-16].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district

4

court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Application to Proceed with Prepaying Fees or Costs

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. In his Application, the Plaintiff asserts that he has no income and no assets, but has monthly expenses of approximately $500.00. [Id. at 1-2, 4-5]. He states that he "had to rob and steal to get here" and that he is currently working for food at an outreach ministry. [Id. at 5]. Upon review of the application, it appears that the Plaintiff lacks the resources with which to pay the required filing fee. Accordingly, the Court finds that the application should be granted.

### B. Section 1915 Review of Complaint

#### 1. Representing Other Parties

As a pro se litigant, the Plaintiff cannot represent other plaintiffs in a class action. Mescall v. Renaissance at Antiquity, No. 3:23-cv-00332-RJC-SCR, 2023 WL 7490841, at *1 (W.D.N.C. Nov. 13, 2023) ("a pro se plaintiff may not represent other plaintiffs, including in class actions"). Accordingly, to the extent that the Plaintiff purports to assert claims on behalf of other

5

individuals or to maintain a class action in this matter, such claims are dismissed.

### 2. Challenges to State Court Proceedings

To the extent that the Plaintiff's claims are related to his arrest for contempt, such claims must be dismissed. The Complaint fails to allege whether this charge is still pending or whether the Plaintiff was convicted. If the charge is still pending, any § 1983 claim based on his arrest would be premature. See Saunders v. Moore, No. 1:18cv91 (LMB/TCB), 2018 WL 1129975, at *2 (E.D. Va. Feb. 28, 2018) (noting that claim of false arrest was premature as plaintiff had not yet been tried on pending charge). If the Plaintiff was in fact convicted of contempt, the Plaintiff is barred from asserting any claims that would necessarily imply the invalidity of a conviction unless and until he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

To the extent that the Plaintiff challenges the outcome of any state court proceedings related to the administration of Ms. Withrow's estate or the Plaintiff's claims related thereto, the Rooker-Feldman doctrine precludes the Court from exercising jurisdiction over such claims. The United States Supreme Court has exclusive jurisdiction over appeals from state-court

6

Case 1:24-cv-00283-MR-WCM     Document 4     Filed 11/26/24     Page 6 of 15

judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

Further, the Court notes that the Supreme Court has recognized a "probate exception" to the exercise of federal subject matter jurisdiction. "[T]he probate exception reserves to state probate courts the probate or

7

annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). As the Plaintiff's claims appear, at least in part, to challenge the administration of Ms. Withrow's estate, the Court concludes that the "probate exception" also justifies the Court declining to exercising jurisdiction in this matter.

### 3. Claims against Judicial Officers

The Plaintiff attempts to assert claims against a number of unnamed state court magistrates. It is well-settled that state court magistrates are entitled to judicial immunity for actions that they take in their judicial capacity. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) ("Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."). Judicial immunity is necessarily broad and the only situations where a judicial officer can be subject to civil suit are where the act complained of is not a judicial act or where the judicial officer acts in the clear absence of all jurisdiction. King, 973 F.2d at 357; Pressly, 831 F.2d at 517. As the Plaintiff has made no plausible allegation

that these magistrates were acting in the "clear absence of all jurisdiction," they are entitled to absolute immunity, and the Plaintiff's claims against them must be dismissed.

### 4. Section 1983 Claims

The Plaintiff also appears to assert § 1983 claims against several private actors, including attorneys, the executor of Ms. Withrow's estate, and participants in various real estate transactions. In this regard, the Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted). Here, the Plaintiff has made no allegations that these private actors had sufficiently close relationships with state actors such that the Court could conclude that they were engaged in governmental action. Even if these Defendants were state actors (which they are not), the

9

Plaintiff does not identify any conduct by these Defendants which could possibly be construed as a deprivation of the Plaintiff's constitutional rights. For all these reasons, the Plaintiff has no basis to assert a § 1983 claim in this case against these private actor defendants.

The Plaintiff also names the Cleveland County Sheriff's Office as a defendant. Under North Carolina law, a sheriff's office is not a legal entity capable of being sued under 42 U.S.C. § 1983. <u>Parker v. Bladen County</u>, 583 F.Supp.2d 736, 740 (E.D.N.C. June 27, 2008); <u>see also</u> <u>Moore v. City of Asheville</u>, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), <u>aff'd</u>, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). As such, the Cleveland County Sheriff's Office will be dismissed as a Defendant in this matter.

To the extent that the Plaintiff reasserts § 1983 claims against individual state actors, such as the Sheriff's deputy who arrested him or the county attorney, such claims are too conclusory and devoid of factual support to state a claim. Accordingly, these claims are also dismissed.

### 5. RICO Claims

To the extent that the Plaintiff attempts to assert a private right of action under RICO, such claims also must be dismissed. "RICO provides a private right of action for treble damages to '[a]ny person injured in his business or

property by reason of a violation'" of the Act's criminal prohibitions. Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 641 (2008) (quoting 18 U.S.C. § 1964(c)). A plaintiff seeking civil damages under RICO must show: "(1) conduct [causing injury to business or property]; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." Whitney, Bradley & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). A pattern of racketeering activity "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). The RICO statutes defines "racketeering activity" as any act or threat of murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, dealing in a controlled substance, or any act which is indictable under a series of enumerated federal criminal statutes. See 18 U.S.C. § 1961(1). To state a civil RICO claim, a plaintiff must allege "the necessary 'continuity' to establish the required pattern that distinguishes 'racketeering activity' under RICO from 'garden-variety' commercial disputes." Gilchrist v. Cook, No. 7:07-0508-HFF-WMC, 2007 WL 950386, at *3 (D.S.C. Mar. 26, 2007) (citation omitted). In order to satisfy the "enterprise" element, a plaintiff must allege "two separate and distinct entities: a 'person' and 'an enterprise' through which the person acts." Id. (citation omitted).

Construing the *pro se* Plaintiff's Complaint liberally, the Court concludes that the Plaintiff has failed to allege the requisite "enterprise" and the necessary continuity of a "pattern of racketeering activity" necessary to state a RICO claim. Accordingly, these claims are also dismissed.

### 6. Professional Negligence

To state a claim for professional negligence under North Carolina law, a plaintiff must allege "(1) the nature of defendant's profession; (2) defendant's duty to conform to a certain standard of conduct; and (3) a breach of the duty proximately caused injury to plaintiff." Rainey v. St. Lawrence Homes, Inc., 174 N.C. App. 611, 615, 621 S.E.2d 217, 221 (2005) (citation omitted). Here, the Plaintiff has failed to make any plausible allegations to establish any of the essential elements of a professional negligence claim. Accordingly, such claims are dismissed.

### 7. Conspiracy to Defraud

To the extent that the Plaintiff attempts to assert claims for conspiracy to defraud pursuant to 18 U.S.C. § 371, such claims must be dismissed. Section 371 is a criminal statute, which does not provide any private right of action. See Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched

12

in terms that afford protection to the general public instead of a discrete, well-defined group.") (quoting in part Cort v. Ash, 422 U.S. 66, 80 (1975)). Even if a private right of action existed under this statute, the Plaintiff has not alleged any plausible facts to support such a claim.

### 8. Warning Against Frivolous Actions

This is the second civil action that the Plaintiff has filed asserting the same factual allegations and frivolous legal claims. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106

13

Case 1:24-cv-00283-MR-WCM    Document 4    Filed 11/26/24    Page 13 of 15

F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## IV. CONCLUSION

In sum, the Court will allow the Plaintiff to proceed without the prepayment of costs and fees. However, upon review of the Plaintiff's Complaint, the Court concludes that the Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 3] is

**GRANTED**, and the Plaintiff shall be allowed to proceed without prepayment of the filing fee or giving security therefor.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS SO ORDERED.**

Signed: November 25, 2024

Martin Reidinger
Chief United States District Judge